UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Nathan Rowan**, <br><br> Plaintiff, <br><br> v. <br><br> **Samra Brouk for State Senate,** <br><br> Defendants. | Case No. <br><br><br> Complaint and Demand for Jury Trial |

## COMPLAINT

**Nathan Rowan** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Samra Brouk for State Senate** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant conduct business in the State of New York

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

1

## PARTIES

5. Plaintiff is a natural person residing in East Rochester, New York, 14445.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant Samra Brouk for State Senate maintains an office located at 181 Barrington Street, Rochester, New York 14607, and has a mailing address of P.O. Box 10586, Rochester, New York 14610.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Defendant devised and implemented a campaign marketing strategy which includes the transmission of calls and text messages through use of an automatic telephone dialing system.

11. Plaintiff received multiple text messages and calls to his cellular telephone ending in 5605.

12. Plaintiff has only used this number as a personal residential cellular telephone.

13. Defendant first contacted Plaintiff by telephone on August 31, 2020.

14. Thereafter, Defendant sent Plaintiff a text message on September 7, 2020.

15. Defendant's September 7, 2020 text message was generic and obviously pre-written.

16. Plaintiff responded to this message indicating that he wanted the text messages to stop.

17. Defendant then called Plaintiff on September 30, 2020 and October 1, 2020.

18. Defendant also sent a text message to Plaintiff on October 1, 2020, to which Plaintiff again responded by requesting that both text messages and calls stop.

19. Defendant's October 1, 2020 text message was generic and obviously pre-written.

20. Defendant ignored Plaintiff's repeated requests and called Plaintiff on October 9, 2020 and October 15, 2020.

21. Defendant also sent another text message on October 23, 2020.

22. Defendant did not obtain express consent from Plaintiff prior to calling Plaintiff or sending Plaintiff unsolicited text messages.

23. Plaintiff never provided his cellular telephone number to Defendant, has no affiliation with Defendant, has never provided any donations to Defendant, and has not attended any rallies organized by Defendant.

24. Plaintiff has been on the Do Not Call Registry since June 4, 2005.

25. Upon information and belief, when contacting Plaintiff, Defendant used a dialing system which had the capacity to store or call/text phone numbers using a random or sequential number generator.

26. Upon information and belief, Defendant maintains a stored list of 10 digit telephone numbers of consumers in its database for communication purposes.

27. Upon information and belief, Defendant utilize a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially.

28. The dialing system used by Defendant call phone numbers stored in those databases.

29. Accordingly, Defendant's dialing systems have the capacity to dial numbers using a random or sequential number generator.

30. Upon information and belief, Defendant's dialing systems include equipment which dials from the stored list of 10 digit consumer telephone numbers.

31. Defendant's dialing systems employ computer code and/or algorithms which result in it randomly or sequentially generating numbers in order to select and dial the stored 10-digit consumer telephone number from the list.

32. Furthermore, Defendant's dialing systems use computer code and/or algorithms to determine the orders/sequence of calls to be automatically dialed.

33. The operation of the random/sequential number generator, referred to above results in Defendant's dialing system automatically placing calls/texts to the 10 digit telephone numbers in Defendant's stored list(s).

34. Plaintiff believes and avers that Defendant called/texted his with an automatic telephone dialing system.

35. While Plaintiff has not had the benefit of discovery, he intends to prove Defendant utilized an automatic telephone dialing system in the course of discovery.

36. The text messages were not sent to Plaintiff for "emergency purposes."

37. The actions described herein were in violation of the TCPA.

## COUN T I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

38. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

39. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple calls and text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendant's texts/calls were not made for "emergency purposes."

24. Defendant's texts/calls to Plaintiff's cellular telephones without any prior express consent.

25. Defendant contacted Plaintiff at XXX-XXX-5605 despite the fact that Plaintiff has been on the Do Not Call Registry since June 4, 2005.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendant contacted Plaintiff at XXX-XXX-5605 despite the fact that Plaintiff has been on the Do Not Call Registry since June 4, 20045.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Nathan Rowan,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

  g. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Nathan Rowan,** demands a jury trial in this case.

                Respectfully submitted,

Dated: 05/28/2021        /s/ Craig Thor Kimmel
                 Craig Thor Kimmel
                 Kimmel & Silverman, P.C.
                 30 East Butler Pike
                 Ambler, Pennsylvania 19002
                 Phone: (215) 540-8888
                 Facsimile: (877) 788-2864
                 Email: teamkimmel@creditlaw.com